UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD JAMES McGILVERY, JR.,

    Plaintiff,

vs.　　　　　　　　　　　　　　　　　　Case No.: 8:12-cv-01933-T-27EAJ

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation (Dkt. 13) from the Magistrate Judge recommending that the decision of the Commissioner be affirmed. Plaintiff timely objected to the Report and Recommendation (Dkt. 14), and no response has been received from the Acting Commissioner. Upon consideration, the Plaintiff's objections (Dkt. 15) are **OVERRULED**. The Report and Recommendation (Dkt. 14) is **ACCEPTED and APPROVED** in all respects. The decision of the Acting Commissioner is **AFFIRMED**.

### STANDARD

A district court may accept, reject or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). In the absence of specific objections, there is no requirement that factual findings be reviewed *de novo*, and the court may accept, reject or modify, in whole or in part, the findings and recommendations. *Id.*; *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993). Legal conclusions are reviewed *de novo*, even in the absence of an objection. *See LeCroy v. McNeil*, 397 Fed. Appx. 554, 556 (11th Cir. 2010) (citing *United States v. Warren*, 687 F.2d 347, 348 (11th Cir.

1982)); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

In social security appeals, the Commissioner's decision is reviewed to determine if it is supported by substantial evidence and based upon proper legal standards. *Lewis v. Callahan*, 125 F.33d 1436, 1439 (11th Cir. 1997). In other words, the ALJ's decision is reviewed with deference and the denial of benefits will be upheld unless it is not supported by substantial evidence or is based on an error of law. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotations omitted). Courts "may not decide the facts anew, reweigh the evidence, or substitute [their] judgment for that of the [Commissioner]." *Id.* The individual seeking social security disability benefits bears the burden of proving that he is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).

A treating physician's opinion must be given substantial or considerable weight unless "good cause" is shown to the contrary. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *see* 20 C.F.R. § 404.1527(d)(2). "The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." *Lewis*, 125 F.3d at 1440.

## DISCUSSION

### *Repeated Episodes of Decompensation*

The ALJ concluded that McGilvery did not meet the listed impairments because there was no evidence of repeated episodes of decompensation:

> As for episodes of decompensation, the claimant has experienced one to two episodes of decompensation, each of extended duration. The claimant reported a history of a prior psychiatric hospitalization for depression in 2001. Because there are no hospital records for that admission from which to determine the circumstances or the length of the hospitalization, in an abundance of caution, it will be considered a possible episode of

2

> decompensation of extended duration. . . . There are no repeated episodes of decompensation of extended duration . . . .

(Dkt. 9-2 at 31; R. 30).

Decompensation refers to "temporary increases in symptoms . . . accompanied by a loss of adaptive functioning." 20 C.F.R. Part 404, Subpart P, App. 1 § 12.00(C)(4).[1] In *Larson v. Astrue*, the Seventh Circuit explained the medical concept of decompensation:

> The listing defines "episodes of decompensation" as "exacerbations or temporary increases in symptoms or signs accompanied by a loss of adaptive functioning, as manifested by difficulties in performing activities of daily living, maintaining social relationships, or maintaining concentration, persistence, or pace." 20 C.F.R. Pt. 404, Subpart P., App. 1, § 12.00; *see also* STEDMAN'S MEDICAL DICTIONARY, 497 (28th ed. 2006) (defining decompensation as the "appearance or exacerbation of a mental disorder due to failure of defense mechanisms"); *Zabala v. Astrue*, 595 F.3d 402, 405 (2d Cir. 2010) (stating that decompensation is a temporary increase in symptoms); *Kohler v. Astrue*, 546 F.3d 260, 266 n.5 (2d Cir. 2008) (same). An incident—such as hospitalization or placement in a halfway house—that signals the need for a more structured psychological support system would qualify as an episode of decompensation, 20 C.F.R. Pt. 404, Subpart P., App. 1, § 12.00, but so would many other scenarios. The listing recognizes that an episode may be inferred from medical records showing a significant alteration in medication, *see* 20 C.F.R. Pt. 404, Subpart P., App. 1, § 12.00.
>
> Larson has a long history of problems that have led to significant alterations in her medications. *See* [*Rabbers v. Comm'r Social Sec. Admin.*, 582 F.3d 647, 660 (6th Cir. 2009)] (observing that treating physician's testimony that side effects of medication affects claimant's ability to function is consistent with a finding of repeated episodes of decompensation); *Natale v. Comm'r of Soc. Sec.*, 651 F. Supp. 2d 434, 451–53 (W.D. Pa. 2009) (stating that it was error for ALJ to reject treating physician's conclusion that claimant suffered repeated episodes of decompensation where claimant had history of adjustments to medication

---

[1] "As part of the determination whether a mental impairment meets or equals a listed impairment, the ALJ uses a 'special technique' to evaluate the severity of metal impairments in four areas," including "episodes of decompensation." *Timmons v. Comm'r of Social Sec.*, ___ Fed. Appx. ___, 2013 WL 3388234, at *1 n.1 (11th Cir. July 9, 2013). To meet or equal a listed impairment, the claimant must, among other things, have two of the following: (1) marked limitation of activities of daily living; (2) marked limitation in maintaining social functioning; (3) marked limitation in concentration, persistence or pace; and (4) repeated episodes of decompensation of extended duration, which means either three episodes within one year or an average of one every four months, each lasting for at least two weeks. *Id.* The ALJ applied this standard.

> and fluctuating mood); 3 SOCIAL SECURITY LAW & PRACTICE § 42:124 (2010) ("Episodes of decompensation may be demonstrated by an exacerbation in symptoms or signs that would ordinarily require increased treatment or a less stressful situation (or a combination of the two)."). . . .
>
> In addition, although the listing defines "repeated episodes of decompensation" as three episodes within one year or an average of one every four months (each lasting for at least two weeks), the listing also states that for claimants who experience more frequent episodes of shorter duration, the ALJ should determine if the duration and the functional effects are of equal severity. 20 C.F.R. Pt. 404, Subpart P., App. 1, § 12.00.

*Larson v. Astrue*, 615 F.3d 744, 750-51 (7th Cir. 2010) (finding ALJ erred by failing to give controlling weight to the treating physician's opinion about claimant's episodes of decompensation).

Dr. Gleason was Plaintiff's treating psychiatrist. When analyzing Plaintiff's residual functional capacity, the ALJ reasoned that Dr. Gleason's opinion concerning decompensation "is not warranted by the record, since these periods are supposed to be of extended duration, and there is only one crisis unit stay over the course of many years, for example" (Dkt. 9-2 at 36; R. 35). The ALJ also found that Dr. Gleason failed to provide any basis for his opinion that Plaintiff would be absent from work more than twice a month (*id.*).

Plaintiff contends that the ALJ failed to follow the treating physician rule by not according controlling weight to Dr. Gleason's opinions. According to that rule, the opinion of a "treating source"—typically a physician—is entitled to "controlling weight" if it is adequately supported by objective medical evidence and is consistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2).

Specifically, Plaintiff contends that the ALJ erred by finding only one or two episodes of decompensation. Plaintiff reasons that the finding was flawed because the ALJ considered only hospitalization as proof of decompensation, while disregarding other evidence demonstrating

exacerbation of symptoms and modifications of medication.

As the Magistrate Judge noted, the ALJ reviewed Dr. Gleason's treatment notes, discussed Dr. Gleason's opinions, and compared them to the record evidence. The ALJ determined that Dr. Gleason's opinion that McGilvery suffered from repeated episodes of decompensation was not supported by the record evidence (Dkt. 9-2 at 36). On the other hand, the ALJ determined that Dr. Gleason's findings as to Plaintiff's "degrees of limitations in the areas of activities of daily living, social functioning, and concentration, persistence and pace [were] consistent with the record and with another opinion." (*Id.* at 30). The ALJ therefore accorded Dr. Gleason's opinion "some, but not full weight, and not controlling weight."

After a thorough review of the record and discussion, the Magistrate Judge found that the ALJ "articulated good cause for giving less credence to some of Dr. Gleason's opinions." This Court agrees. For example, as the Magistrate Judge noted, the ALJ "discussed inconsistencies between Dr. Gleason's opinions and other evidence of record, as well as inconsistencies within Dr. Gleason's own treatment notes." And the Magistrate Judge correctly determined that the ALJ did not overlook other evidence relevant to whether the record demonstrated that McGilvery suffered repeated episodes of decompensation.

The ALJ discussed McGilvery's treatment history, his visits with Dr. Gleason and the adjustments and changes in McGilvery's medications prescribed by Dr. Gleason. As the Magistrate Judge noted, however, those adjustments and changes were not significant to indicate decompensation, as required by the regulations. *See* 20 C.F.R. Pt. 404, Subpt P., App. 1, § 12.00, C. 4)("Episodes of decompensation may be inferred from medical records showing *significant* alteration in medication...")(emphasis added); *cf. Phillips v. Astrue*, 413 Fed. Appx. 878, 886 (7th Cir. 2010)

("Because the ALJ did not explain why none of Phillips's . . . frequent medication adjustments evidence episodes of decompensation, he failed to build a logical bridge between the evidence and his finding that she could perform full-time work.").

In sum, the ALJ's decision not to accord controlling weight to Dr. Gleason's opinions on decompensation is supported by substantial evidence and based on the proper legal standards. *Lewis v. Callahan, supra.*

### *The ALJ's Credibility Evaluation Was Supported by Substantial Evidence*

Plaintiff also contends that the ALJ did not properly evaluate his credibility. While he argues that the ALJ ignored "other evidence" consistent with Plaintiff's testimony and "cherry pick[ed]" from the medical findings to support his conclusion, Plaintiff does not point to any evidence in the record that is inconsistent with the ALJ's finding of lack of credibility. The Magistrate Judge correctly concluded that the ALJ's credibility finding was supported by substantial evidence, and that it is inappropriate for a court sitting in review of the ALJ to disturb that credibility finding. *See Kalishek v. Comm'r of Social Sec.*, 470 Fed. Appx. 868, 871 (11th Cir. 2012) ("[I]f the ALJ clearly articulates adequate reasons for its finding, and there is substantial supporting evidence in the record, we will not disturb the credibility finding on review.").[2]

Accordingly,

1) The Report and Recommendation (Dkt. 13) is **APPROVED** and **ADOPTED** in all respects, including for appellate review. The decision of the Commissioner is **AFFIRMED**.

---

[2] Plaintiff also contends that the ALJ relied upon flawed vocational expert testimony, but his treatment of the issue is cursory, limited only to the argument that "Plaintiff disputes this conclusion for the reasons detailed above" (Dkt. 14 at 6). "Such a cursory treatment of a potentially important issue is taken by this Circuit to be a sign that the party has abandoned the argument." *Callahan v. Barnhart*, 186 F. Supp. 2d 1219, 1230 n.5 (M.D. Fla. 2002) (citations omitted).

2) The Clerk is directed to **ENTER** final judgment in favor of Defendant and to **CLOSE** the file.

**DONE AND ORDERED** this 25th day of September, 2013.

*[signature]*
JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record